[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Gwen B. Dreilinger for plaintiff.
Patsy M. Renzullo for defendant.
On July 28, 1994 the court conducted an evidentiary hearing on motions for counsel fees filed by defendant's pro-bono attorney on April 27, 1993 and June 21, 1994. Defendant's counsel is also seeking counsel fees for services performed after dismissal of the plaintiff's recent appeal of the court's February 16, 1994 decision.
On February 18, 1994, this court filed a Memorandum of Decision dated February 16, 1994, on the April 27, 1993 motion for counsel fees, in which it stated:
 The court will award an attorney's fee to the defendant's attorney, subject to the requirements of Conn. Gen. Stat. § 46b-62. The plaintiffs are ordered to provide Attorney Renzullo with up-to-date financial affidavits; if the parties are not then able to resolve this matter, Attorney Renzullo may request the court to assign this motion for an evidentiary hearing.
Attorney Renzullo requested the court to hold the evidentiary hearing, which took place on July 28, 1994. This decision applies to both the April 27, 1993 and June 21, 1994 motions, as well as to any claim for subsequent counsel fees.
The only witness called by Attorney Renzullo was the plaintiff, Fillmore G. Weber. The plaintiffs' attorney called only Attorney Renzullo, and his testimony was CT Page 7680 limited to whether or not his bills for legal services rendered were reasonable. All of Mr. Weber's testimony related to his financial abilities. No testimony was offered about the defendant's financial abilities, or the circumstances of the case in which Attorney Renzullo performed the legal services. There was no evidence of the merits of the case or the reason why the plaintiffs withdrew the action. The court will not award counsel fees solely on the basis that the plaintiffs might be able to pay those fees.
Furthermore, Attorney Renzullo did not prove that his bills for legal services rendered were reasonable. He merely submitted the bills through June 16, 1994 and his testimony under questioning by plaintiffs' counsel as part of their case did not prove by a fair preponderance of the evidence that the bills were reasonable. He offered no evidence or bills for any services rendered after June 16, 1994.
After evaluating the evidence in light of Sections46b-62 and 46b-82 of the Conn. General Statutes, the court denies the motions of the defendant's attorney for counsel fees.
RICHARD A. WALSH, J.